# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 13-11134
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

October 28, 2014

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

VALENTIN MONJARAS-PICHARDO,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:13-CR-30-21

Before KING, JOLLY, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Valentin Monjaras-Pichardo pleaded guilty to conspiracy to possess with the intent to distribute 100 grams or more of a mixture containing heroin. He was sentenced within the guidelines range to 262 months of imprisonment, to be followed by four years of supervised release. On appeal, Monjaras-Pichardo argues that the district court erred in applying a two-level enhancement pursuant to U.S.S.G. § 2D1.1(b)(12) for maintaining a premises for the purpose

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 13-11134

of distributing heroin. Because Monjaras-Pichardo preserved this issue by objecting in the district court, we review the district court's findings of fact with respect to sentencing under the clear error standard. *United States v. Betancourt*, 422 F.3d 240, 244-45 (5th Cir. 2005).

Section 2D1.1(b)(12) provides a two-level enhancement if the defendant maintained a premises for the purpose of manufacturing or distributing a controlled substance, including storage of a controlled substance for the purpose of distribution. Monjaras-Pichardo resided in the barn located on a ranch owned by his coconspirator and assisted in the distribution of heroin and the collection of drug proceeds. The heroin was retrieved from the barn by coconspirators and taken to stash apartments. In his signed factual resume, Monjaras-Pichardo admitted that he received heroin from Mexico at his residence. Additionally, 35.42 grams of heroin were discovered in the barn. Regarding the Chariot Drive apartment, Monjaras-Pichardo rented the apartment, which was used as a stash house. In light of these facts, it is plausible that Monjaras-Pichardo had a possessory interest in both the barn and apartment and that the storing or distributing of heroin was a principal or primary use, rather than an incidental use, of the barn and apartment. *See* § 2D1.1(b)(12) & comment. (n.17). Monjaras-Pichardo has not shown that the district court clearly erred in applying the enhancement. *See* § 2D1.1(b)(12) & comment. (n.17); *Alaniz*, 726 F.3d at 618.

Monjaras-Pichardo next argues that the district court clearly erred in denying a downward adjustment for having a mitigating role in the offense. If a defendant is a minor participant in an offense, his offense level should be decreased by two. U.S.S.G. § 3B1.2(b). A defendant is a "minor participant" in an offense if his role is more than minimal but he is "less culpable than most other participants." § 3B1.2, comment. (n.5).

2

No. 13-11134

The facts showed that Monjaras-Pichardo received heroin from Mexico at his residence and was responsible for collecting and packaging the drug proceeds, which were stored in the barn where he resided.  These actions do not show that his involvement was "peripheral to the advancement of the criminal activity." *United States v. Martinez-Larraga*, 517 F.3d 258, 272 (5th Cir. 2008).  On the contrary, Monjaras-Pichardo's role was central to the conspiracy.  Accordingly, he fails to show that the district court clearly erred in denying a reduction for a mitigating role.  *See* § 3B1.2, comment. (n.5); *United States v. Villanueva*, 408 F.3d 193, 203 (5th Cir. 2005).

Challenging the substantive reasonableness of his sentence, Monjaras-Pichardo asserts that the district court erred in refusing to grant a downward variance based on his role in the offense and to avoid unwarranted disparities. Because Monjaras-Pichardo's sentence was within the guidelines range, it is presumptively reasonable.  *See United States v. Cooks,* 589 F.3d 173, 186 (5th Cir. 2009).  Monjaras-Pichardo's role in the offense was central to the conspiracy, and he fails to show how his role warranted a sentence below the guidelines range.  He has not established the existence of any sentencing disparity because he does not cite any evidence that lower sentences have been imposed in the cases of his coconspirators or in cases with facts substantially similar to his case.  *See United States v. Sanchez-Ramirez*, 497 F.3d 531, 535 n.4 (5th Cir. 2007).  Monjaras-Pichardo's argument amounts to a "disagreement with the propriety of the sentence imposed" and does not rebut the presumption of reasonableness.  *United States v. Ruiz*, 621 F.3d 390, 398 (5th Cir. 2010); *see Cooks*, 589 F.3d at 186.

For the first time on appeal, Monjaras-Pichardo argues that the district court's determination of the amount of heroin for which he was held responsible at sentencing violated his Sixth Amendment rights.  He asserts

No. 13-11134

that the district court's factual finding that he was responsible for 270 kilograms of heroin violated the holding in *Alleyne v. United States*, 133 S. Ct. 2151 (2013).

Because Monjaras-Pichardo did not object on this basis in the district court, review is limited to plain error. *See United States v. Hinojosa*, 749 F.3d 407, 411 (5th Cir. 2014). The district court imposed a sentence within the guidelines range based on relevant conduct, and the facts did not have to be admitted by Monjaras-Pichardo or found by a jury. *See Hinojosa*, 749 F.3d at 412-13; *see also Alleyne*, 133 S. Ct. at 2163. There is no plain error. *See Hinojosa,* 749 F.3d at 413.

AFFIRMED.